IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY A. DICKSTEIN,

        Plaintiff,

    v.

JAMES P. FOX, President of the Board of Trustees of the State Bar of California, in his Official Capacity; ELIZABETH RINDSKOPF PARKER, Executive Director and Chief Executive Officer of the State Bar of California, in her Official Capacity,

        Defendants.

Case No. 17-cv-02469-MMC

**ORDER DISMISSING ACTION**

Before the Court is plaintiff Jeffrey A. Dickstein's First Amended Complaint ("FAC"), filed June 7, 2017. By order filed May 3, 2017, plaintiff's application to proceed in forma pauperis was granted. Where, as here, a party proceeds in forma pauperis, the court "shall dismiss the case" if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B). The Court, having read and considered the FAC, hereby rules as follows.

**BACKGROUND**

In the FAC, plaintiff, an attorney who is a member of the State Bar of California, seeks injunctive and declaratory relief against defendants, each of whom is an officer of the State Bar and is sued solely is his/her "official capacity." (See FAC ¶¶ 4-5.)

Plaintiff alleges that, in 2010, he was convicted in the United States District Court, Northern District of Florida, of "misdemeanor contempt," and he thereafter sent to the State Bar a "notice of resignation." (See FAC ¶¶ 9-10.) According to plaintiff, the State

Bar "refused to accept his notice of resignation" (see FAC ¶ 37),[1] and disciplinary proceedings against him were instituted in the State Bar Court (see FAC ¶¶ 21-22). Plaintiff also alleges that the State Bar Court, although it determined the conviction "did not involve moral turpitude," recommended to the California Supreme Court that plaintiff be disciplined in light of a finding by the State Bar Court that the conviction involved "other misconduct warranting discipline." (See FAC ¶¶ 23, 25-26.) Plaintiff further alleges that the California Supreme Court, on October 19, 2016, "issued its final order sustaining the disciplinary recommendation of the State Bar Court, and imposed discipline in the form of suspension, a requirement to comply with various rules of the State Bar, a requirement to pass the Multistate Professional Responsibility Examination ('MPRE'), and costs." (See FAC ¶ 26). According to plaintiff, the State Bar has taken steps to enforce the California Supreme Court's order, specifically, the State Bar has sent him a "bill" for costs, for a hearing fee, and for membership dues, has "indefinitely suspend[ed] [plaintiff] from the practice of law" for his failure to file proof he has passed the MPRE, and has stated its "intent to commence disciplinary proceedings" for his failure to comply with the California Supreme Court's order. (See FAC ¶¶ 28-30.)

Based on the above factual allegations, plaintiff asserts two causes of action under 42 U.S.C. § 1983. In the First Cause of Action, plaintiff alleges that the California Supreme Court's order of suspension is "null and void" because it was issued in violation of "due process of law" (see FAC ¶¶ 33-34); plaintiff's theory is that the California Supreme Court, prior to accepting the State Bar Court's recommendation, had not made "a referral to the State Bar Court to investigate whether [plaintiff] engaged in 'other misconduct warranting discipline'" (see FAC ¶¶ 20, 26). In the Second Cause of Action, plaintiff alleges that his "right [not] to associate under the First Amendment" has been

---

[1]As explained below, the California Supreme Court makes the determination whether or not to accept a member's resignation, and, in so determining, considers the recommendation of the State Bar. The Court interprets the FAC to allege that the State Bar recommended plaintiff's resignation not be accepted and that the California Supreme Court accepted such recommendation.

violated in light of the failure to accept his resignation.  (See FAC ¶¶ 37, 39 (alteration in original).)  As relief, plaintiff seeks an order prohibiting enforcement of the California Supreme Court's order, and seeks additional orders that would require acceptance of his notice of resignation.  (See FAC, prayer.)

**DISCUSSION**

"[L]ower federal courts are without jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States."  Mothershed v. Justices of Supreme Court, 410 F.3d 602, 606 (9th Cir. 2005.)  This general rule applies to orders of state courts "relating to the admission, discipline, and disbarment of members of its bar."  See McKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969).  Although district courts have jurisdiction "over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings," district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (holding district court lacked jurisdiction to consider claim that state court erred in manner in which it applied state bar rule).  The Court next addresses whether it has jurisdiction to consider the claims brought in the instant action.

First, based on his allegation that the California Supreme Court's order imposing discipline was issued in violation of plaintiff's due process rights, and, consequently, is "null and void" (see FAC ¶ 33), plaintiff seeks an order prohibiting defendants, i.e., the State Bar, from "taking any further action" to enforce the California Supreme Court's order and from "maintaining any public record that [plaintiff] was disciplined . . . and/or suspended from the practice of law" (see FAC, prayer, ¶¶ 1-2.)  Such claim is necessarily premised on a showing that the California Supreme Court erred in its decision to discipline plaintiff.  As district courts lack jurisdiction to review state court decisions, and, in particular, to review state court orders disciplining members of the bar, the Court lacks

1  jurisdiction to consider plaintiff's claim.  See McKay, 412 F.2d at 846 (holding district

2  court lacked jurisdiction to consider "action to enjoin and declare invalid orders of

3  Supreme Court of the State of Alaska suspending [plaintiff] from practice in the courts of

4  that state").

5       Second, based on his allegation that his First Amendment rights were violated

6  when his resignation was not accepted, plaintiff seeks an order prohibiting the State Bar

7  from maintaining him on  "on the roll of attorneys admitted to the State Bar" and a

8  declaration that his "compel[led] membership in the State Bar" violates those rights (see

9  FAC, prayer, ¶¶ 3-4), i.e., an order that would require his notice of resignation be

10  accepted.  Under California law, the State Bar Court "consider[s] the member's

11  resignation" and then "recommend[s] to the Supreme Court whether the resignation

12  should be accepted," see Cal. Rules of Court, Rule 9.21(c); thereafter, the California

13  Supreme Court has the discretion to accept or reject the notice of resignation, see Cal.

14  Rules of Court, Rule 9.21(d).  Consequently, plaintiff's claims seeking to compel

15  acceptance of his notice of resignation are necessarily premised on a showing that the

16  California Supreme Court erred in exercising its discretion to accept the State Bar Court's

17  recommendation not to accept plaintiff's resignation.  Again, as district courts lack

18  jurisdiction to review state court decisions, the Court lacks jurisdiction to consider

19  plaintiff's claim.  See Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive

20  Engineers, 398 U.S. 281, 296–97 (1970) (holding "lower federal courts possess no power

21  whatever to sit in direct review of state court decisions").

22       Accordingly, as plaintiff has failed to state a claim for relief over which the Court

23  has jurisdiction, the FAC is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

24  //

25  //

26  //

27  //

28  //

## CONCLUSION

For the reasons stated, the instant action is hereby DISMISSED for lack of subject matter jurisdiction.

All pending motions are DENIED as moot, and the Clerk is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated:  June 15, 2017

MAXINE M. CHESNEY
United States District Judge